FILED
2013 Jan-25  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA B. NICHOLSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | CV-13- |
| ) | **JURY DEMAND** |
| ST. VINCENTS HOSPITAL, ) | |
| BIRMINGHAM ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

**I.   JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4), and the Act of Congress known as "the Age Discrimination in Employment Act," 29 U.S.C. §621 et seq. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 29 U.S.C. §621 et seq. providing for injunctive and other relief against age discrimination.

2. The plaintiff has fulfilled all conditions precedent to the institution of this action under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. The plaintiff timely filed her charge of age discrimination within 180 days of occurrence of the last discriminatory act. The EEOC found there was reason to believe that Plaintiff had been discriminated against because of her age. The

plaintiff timely filed her claim of age discrimination within 90 days of the receipt of her right-to-sue letter from the Equal Employment Opportunity Commission.

3. On October 23, 2012, the EEOC issued a Dismissal and Notice of Right To Sue.

## II. PARTIES

4. The plaintiff, Linda B. Nicholson, is a citizen of the United States of America, is a resident of the State of Alabama, and is over the age of forty (40) years. The plaintiff was employed by the defendant.

5. The defendant, St. Vincents Hospital, is an entity subject to suit under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. The defendant employs more than twenty (20) persons.

## III. CAUSES OF ACTION

6. The plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7. The defendant discriminated against the plaintiff on the basis of age by terminating her employment.

8. The plaintiff, Linda B. Nicholson, 66 yrs. old was hired by the defendant on or about April 2008 as a Medical Technologist. The plaintiff was notified of

her termination on or about April 14, 2011 by HR Director Michelle Galipeau.

9. Plaintiff was allegedly terminated for entering incorrect data on a patient's chart. Other similarly-situated employees below the protected age group and/or substantially younger than Plaintiff were not discharged for similar offenses. Specifically, Paige Schrader, 26, has made as many mistakes equal to or greater than Plaintiff and has not been written up or terminated. Tina Owens, 48 has made errors in her work just like those of the plaintiff and has not been terminated. The decisionmaker in this case is considerably younger that the plaintiff and has given preferential treatment to younger employees, including those listed above while heavily scrutinizing the plaintiff's performance. In December, 2009 this was brought to the attention of the Human Resources Department during a meeting.

10. Plaintiff received several unwarranted disciplinary actions for things that younger non-protected age group employees did. Plaintiff brought this to the attention of management on several occasion to no avail.

11. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, other than this action, for back-pay, injunctive and declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set

forth herein unless enjoined by this Court.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

2. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys, and those acting in concert with the defendant and at the defendant's request from continuing to violate the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding them the position(s) she would have occupied in the absence of age discrimination, back-pay (plus interest), lost seniority, lost benefits, loss of bonuses, loss of pension, and liquidated damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

/s/ C. Michael Quinn
C. Michael Quinn
H. Wallace Blizzard
*Attorneys for Plaintiff*

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0500 (Telephone)
(205) 254-1500 (Facsimile)

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY

/s/ C. Michael Quinn
C. Michael Quinn

**DEFENDANT'S ADDRESS:**
St. Vincents Hospital, Birmingham
810 St. Vincents Drive
Birmingham, AL 35205

EEOC Form 161-A (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Linda B. Nicholson<br>229 English Village Circle<br>Gardendale, AL 35071 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2011-01695 | Jeanne A. Walker,<br>Federal Investigator | (205) 212-2055 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Beverly B. Hinton for*
Delner Franklin-Thomas,
District Director

11/01/2012
*(Date Mailed)*

cc: Michael L. Thompson, Attorney
Lehr, Middlebrooks & Vreeland, P. C.
2021 - 3rd Avenue, North
Birmingham, AL 35203